UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ERNEST HUGHEY,

                                                           Plaintiff,

                                                     v.

WILLIAM J. WAGNER, et al.,

                                                   Defendants.
_____

                                                   DECISION AND ORDER

                                                   23-CV-6270DGL

The *pro se* plaintiff in this case, Ernest Hughey, has brought claims under 42 U.S.C. § 1983 against the City of Rochester, New York and seven individuals, all of whom are alleged to be officers of the Rochester Police Department. After the Court granted plaintiff's application to proceed *in forma pauperis* (Dkt. #7), on November 23, 2023 the Court issued an order (Dkt. #14) directing the Clerk of Court to cause the United States Marshals Service to serve copies of the summons and second amended complaint upon defendants. The order further provided that once served, defendants "shall answer the operative complaint or respond under 42 U.S.C. § 1997e(g)," and that "the Clerk of Court is directed to forward a copy of the second amended complaint and this order to City of Rochester Corporation Counsel" at Rochester City Hall.

Summonses as to all the defendants were issued on November 16, 2023. They were returned executed on January 3, 2024 (Dkt. #15). A "municipal attorney," whose signature is illegible, signed the acknowledgment of receipt of summons and complaint for each of the defendants on December 27, 2023.

No further activity occurred in the case until June 7, 2024, when the Court issued an Order to Show Cause (Dkt. #16) directing plaintiff to show cause in writing this case should not be dismissed for his failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  The Court observed that "[t]o date, no answer or response has been filed" by defendants, and that "[d]espite Defendants' failure to answer or otherwise respond, Plaintiff has taken no action to prosecute his case, such as filing a request for an entry of default under Fed. R. Civ. P. 55(a)." *Id.* at 2.

On July 26, 2024, the Court received a reply from plaintiff, explaining some difficulties he was having prosecuting the case due to being transferred to a different facility and lack of access to a law library.[1]  (Dkt. #23.)  On July 29, the Court also received a letter from plaintiff (Dkt. #24), "requesting that the clerk of this court enter a 'Judgment of Default' against Defendants ... ."

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment."  *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). At the first step, the Clerk of Court enters a party's default after an affidavit or other evidence shows that the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a).  Only after default has been entered can a party seek a default judgment.  *See* Fed. R. Civ. P. 55(b); *United States v. $25,348 U.S. Currency*, No. 21-CV-949, 2022 WL 16755844, at *2 (W.D.N.Y. Aug. 23, 2022) ("Entry of a party's default pursuant to Rule 55(a) is a mandatory prerequisite for entry of a default judgment pursuant to

---

[1] By text order entered July 30, 2024, the Court noted that plaintiff had adequately shown why the case should not be dismissed for failure to prosecute.  (Dkt. #25.)

Rule 55(b)"). Since default has not yet been entered, the Court will treat plaintiff's most recent submission as a request for entry of default, rather than as a motion for default judgment.[2]

Rule 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *See also Maurizi v. Callaghan*, No. 20-CV-922, 2022 WL 1446500, at *7 (W.D.N.Y. Feb. 25, 2022) ("Entry of default is mandatory, not discretionary"). "Although Rule 55(a) contemplates that entry of default is a ministerial step to be performed by the clerk of court, a district judge also possesses the inherent power to enter a default." *City v. New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citations omitted).

It appears from the record that the prerequisites for the entry of default have been met here. Defendants were served in December 2023 with the summons and complaint, receipt of which was acknowledged by signature of an attorney for the City of Rochester, yet none of the defendants has ever appeared in the action or responded to or moved against the complaint. Accordingly, plaintiff's request for entry of default is granted, as stated in the Conclusion below.

## CONCLUSION

Plaintiff's request for entry of default (Dkt. #24) is granted. The Clerk of the Court is hereby directed to enter default against all defendants. A copy of this Decision and Order shall

---

[2] Although in his letter plaintiff asks the Court to "enter Judgment of Default," elsewhere in his submission he describes the letter as "Requesting Clerk's entry of default." (Dkt. #24 at 2.)

be mailed to the City of Rochester Corporation Counsel, Room 400A, City Hall, 30 Church Street, Rochester, New York 14614.

    IT IS SO ORDERED.

_____
        DAVID G. LARIMER
      United States District Judge

Dated: Rochester, New York
      August 5, 2024.