UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ERNEST HUGHEY,

                          Plaintiff,

        v.

WILLIAM J. WAGNER, et al.,

                          Defendants.
_____

<u>DECISION AND ORDER</u>

23-CV-6270DGL

      On August 5, 2024, the Court issued a Decision and Order (Dkt. #26) granting plaintiff's request for entry of default, and directing the Clerk of the Court to enter default against the defendants:  the City of Rochester and seven Rochester police officers.  The basis for the Court's decision was that a Rochester municipal attorney had accepted service on behalf of each defendant, but none of the defendants had answered or moved against the second amended complaint.

      The Clerk duly entered default against defendants on August 6.  (Dkt. #27.)  At the Court's direction, a copy of the August 5 Decision and Order was mailed to the office of the City of Rochester Corporation Counsel.

      On August 16, defendants filed a motion to set aside the default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure.  For the following reasons, the motion is granted.

## DISCUSSION

Rule 55(c) provides that once default has been entered against a party, "[t]he court may set aside an entry of default for good cause." The standard for good cause "requires a court to weigh (1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013). In applying the rule, the court should keep in mind the Second Circuit's strong preference for deciding cases on the merits, rather than by default. *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001).

Having weighed those factors here, the Court finds that the default should be set aside. As to the first factor, willfulness, defendant's attorney states that at the time he was assigned this matter and signed the summonses, he was in the midst of an unusually busy period in which he was handling several state and federal court trials, and that due to certain oversights he was unaware of the filing of some documents in this case until he received by postal mail a hard copy of the Court's August 5 Decision and Order. *See* Declaration of John M. Campolieto (Dkt. 28-2) ¶¶ 8-13. Thus, the default does not appear to have been willful.

Defendants have also demonstrated the existence of meritorious defenses. As detailed in their memorandum of law (Dkt. #28-1 at 6-7), defendants contend that the officers' actions were reasonable under the circumstances, and that there is also a basis for the defense of qualified immunity. Without expressing any opinion as to the ultimate merits of those defenses, the Court finds that defendants have at least shown that they have facially meritorious defenses to plaintiff's claims.

2

I also see no indication of prejudice to plaintiff from setting aside the default.  Although the default has obviously resulted in some delay, "delay alone is not a sufficient basis for establishing prejudice.  Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Henry v. Oluwole*, 108 F.4th 45, 52-53 (2d Cir. 2024) (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)).  The events giving rise to plaintiff's claims occurred in September 2022, and there is nothing in the record suggesting that the relatively brief delay occasioned by defendants' default is likely to result in any prejudice to plaintiff.  Defendants' motion to set aside the default is therefore granted.

### CONCLUSION

Defendants' motion to vacate the Clerk's entry of default (Dkt. #28) is granted, and the Clerk is hereby directed to vacate the default entered on August 6, 2024 (Dkt. #27).  Defendants are directed to file and serve their response to plaintiff's complaint within twenty (20) days of the date of entry of this order.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      August 27, 2024.